PRIOR

# U.S. District Court [LIVE AREA]
# United States District Court for the Middle District of Georgia (Thomasville)
# CRIMINAL DOCKET FOR CASE #: 6:02-cr-00006-WLS-ALL
# Internal Use Only

Case title: USA v. Stacey                        Date Filed: 03/07/2002
Magistrate judge case numbers: 6:02-mj-00001
                               6:02-mj-00002

Assigned to: Judge W. Louis Sands

## Defendant

**Lorenzo Calvin Stacey** (1)              represented by   **Christopher Shaun Warren**
*TERMINATED: 07/23/2002*                                   415 Pine Avenue, Suite 101
                                                           Albany, GA 31702
                                                           229-420-9292
                                                           Fax: 229 420-9292
                                                           Email: attywarr@bellsouth.net
                                                           *TERMINATED: 07/23/2002*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           Designation: CJA Appointment

## Pending Counts                                ## Disposition

18:500.F MONEY ORDERS -                          30 months imprisonment, 3 years
counterfeiting money orders                      supervised release, $100.00
(1)                                              mandatory court assessment, and
                                                 restitution of $1,720.00.

## Highest Offense Level (Opening)

Felony

## Terminated Counts                             ## Disposition

I certify that this document is a true copy of the original document or electronic filing in this case.
_Wanda D. Sanders_  06/21/07
Deputy Clerk

18:500.F MONEY ORDERS -
counterfeiting money orders
(2-7)

Dismissed on government motion.

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                                **Disposition**

None

Assigned to: Judge W. Louis
Sands

**Defendant**

**Kevin Saffold** (2)              represented by **Hugh O. Morris, Jr.**
*TERMINATED: 07/23/2002*                P.O. Box 582
                                        Albany, GA 31702-0582
                                        229-420-4104
                                        Email: atty8584@bellsouth.net
                                        *TERMINATED: 07/23/2002*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: CJA Appointment*

**Pending Counts**                           **Disposition**

18:500.F MONEY ORDERS -              41 months imprisonment, 3 years
counterfeiting money orders         supervised release, $100.00
(1)                                 mandatory assessment fee, and
                                    restitution of $7,020.00.

**Highest Offense Level
(Opening)**

Felony

**Terminated Counts**                        **Disposition**

18:500.F MONEY ORDERS -
counterfeiting money orders         Dismissed on government motion.
(2-7)

## Highest Offense Level
## (Terminated)

Felony

## Complaints                                    Disposition

None

## Plaintiff

U.S.A.                          represented by  **James N. Crane**
P.O. Box 366
Albany, GA 31702
229-430-7754
Email: jim.crane@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2002 | | Arrest WARRANT issued as to Kevin Saffold [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | 1 | COMPLAINT as to Kevin Saffold [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | | ARREST of Kevin Saffold [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | | **Added Government Attorney James N. Crane [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | | Initial appearance hearing as to Kevin Saffold held before USMJ Hodge on 1/18/02. (Defendant informed of rights.) [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | 2 | Minute sheet as to Kevin Saffold :initial appearance bfore USMJ Hodge on 1/18/02 [ 6:02-m -2 ] (jbk) (Entered: 01/18/2002) |
| 01/18/2002 | 1 | COMPLAINT as to Lorenzo Calvin Stacey [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | | ARREST WARRANT issued as to Lorenzo Calvin Stacey |

| | | |
|---|---|---|
| | | [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | | Initial appearance hearing as to Lorenzo Calvin Stacey held (Defendant informed of rights.) Court Reporter: not reported [ 6:02-m -1 ] (bjl) Modified on 01/24/2002 (Entered: 01/22/2002) |
| 01/18/2002 | | **Added for Lorenzo Calvin Stacey Attorney Christopher Shaun Warren [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | | **Added Government Attorney James N. Crane [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | 2 | Minute sheet as to Lorenzo Calvin Stacey of initial apperance held before Judge Hodge; Court Reporter: not reported. [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Lorenzo Calvin Stacey [ 6:02-m -1 ] (bjl) Modified on 01/24/2002 (Entered: 01/22/2002) |
| 01/18/2002 | 4 | ORDER Setting Conditions of Release as to Lorenzo Calvin Stacey. Bond set to $10,000 secured by 10% for Lorenzo Calvin Stacey; travel restricted to Middle District of GA and Middle District of AL; bail supervision; surrender passport; and cannot possess firearm. ( Signed by Mag. Judge Richard L. Hodge ) [ 6:02-m -1 ] (bjl) (Entered: 01/22/2002) |
| 01/18/2002 | | CJA 20 as to Lorenzo Calvin Stacey : Appointment of Attorney of Christopher Warren. ( Signed by Mag. Judge Richard L. Hodge ) [ 6:02-m -1 ] (bjl) (Entered: 01/23/2002) |
| 01/18/2002 | | CJA 20 as to Kevin Saffold : Appointment of Attorney Hugh O. Morris ( Signed by Mag. Judge Richard L. Hodge ) [ 6:02-m -2 ] (jbk) (Entered: 01/23/2002) |
| 01/22/2002 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Kevin Saffold [ 6:02-m -2 ] (jbk) (Entered: 01/22/2002) |
| 01/23/2002 | | Hearing held as to Kevin Saffold in re: motion for pretrial detention on 1/23/02 before USMJ Hodge [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | 4 | MOTION by USA as to Kevin Saffold for dentention Hearing [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | | Hearing held as to Kevin Saffold in re: preliminary hearing on 1/23/02 before USMJ Hodge [ 6:02-m -2 ] (jbk) (Entered: |

| | | 01/24/2002 |
|---|---|---|
| 01/23/2002 | 5 | Witness list by USA as to Kevin Saffold re preliminary hearing on 1/23/02 [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | 6 | Witness list by Kevin Saffold re detention hearing on 1/23/02 [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | 7 | Exhibit list by USA as to Kevin Saffold re detention hearing on 1/23/02 [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | 8 | Minute sheet as to Kevin Saffold : motion for pretrial detention - hearing held before USMJ Hodge on 1/23/02; preliminary hearing held - probable cause found. [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/23/2002 | | Preliminary Examination hearing as to Lorenzo Calvin Stacey held [ 6:02-m -1 ] (bjl) Modified on 01/24/2002 (Entered: 01/24/2002) |
| 01/23/2002 | 5 | Minute sheet as to Lorenzo Calvin Stacey of preliminary exam held before Judge Hodge; Court Reporter: not reported. Probable cause found. [ 6:02-m -1 ] (bjl) (Entered: 01/24/2002) |
| 01/23/2002 | 6 | Witness list by Lorenzo Calvin Stacey, USA for preliminary hearing [ 6:02-m -1 ] (bjl) (Entered: 01/24/2002) |
| 01/23/2002 | | Preliminary Examination hearing as to Kevin Saffold held [ 6:02-m -2 ] (wks) (Entered: 01/25/2002) |
| 01/23/2002 | | **Terminated document(s) as to Kevin Saffold : terminating [4-1] motion for dentention Hearing as to Kevin Saffold (1) - hearing held 1/23/02 [ 6:02-m -2 ] (jbk) (Entered: 02/12/2002) |
| 01/24/2002 | 7 | ORDER as to Lorenzo Calvin Stacey that sufficient probable cause exist to believe that a crime was committed and that defendant committed them, specifically violation of 18 USC Section 500, knowingly passing counterfeit postal money orders; accordingly, they are held to answer in district court. (Signed by Mag. Judge Richard L. Hodge) [ 6:02-m -1 ] (bjl) (Entered: 01/24/2002) |
| 01/24/2002 | 9 | ORDER as to Kevin Saffold finding probable cause, defendant held to answer. ( Signed by Mag. Judge Richard L. Hodge ) [ 6:02-m -2 ] (jbk) (Entered: 01/24/2002) |
| 01/24/2002 | 10 | ORDER OF DETENTION pending trial as to Kevin Saffold ( Signed by Mag. Judge Richard L. Hodge ) [ 6:02-m -2 ] (jbk) |

| | | |
|---|---|---|
| | | (Entered: 01/24/2002) |
| 01/30/2002 | 8 | Appearance BOND entered by Lorenzo Calvin Stacey in the Amount of $ 2,000.00. Receipt # 101352 [ 6:02-m -1 ] (kme) (Entered: 01/30/2002) |
| 01/31/2002 | | Arrest WARRANT Returned Executed as to Kevin Saffold on 1/18/02 [ 6:02-m -2 ] (jbk) (Entered: 02/01/2002) |
| 02/19/2002 | 11 | MOTION by Kevin Saffold to have court appointed counsel withdrawn as attorney of record and defendant's request to proceed pro se [ 6:02-m -2 ] (jbk) (Entered: 02/19/2002) |
| 02/19/2002 | | Motion submission as to Kevin Saffold : submitted [11-1] motion to have court appointed counsel withdrawn as attorney of record and defendant's request to proceed pro se as to Kevin Saffold (1) [ 6:02-m -2 ] (jbk) (Entered: 02/19/2002) |
| 02/19/2002 | 12 | APPEAL of Magistrate Decision to District Court by Kevin Saffold re denial of defendant's motion for bond [ 6:02-m -2 ] (jbk) (Entered: 02/20/2002) |
| 02/20/2002 | | file routed to Judge Land re #12 appeal. [ 6:02-m -2 ] (jbk) (Entered: 02/20/2002) |
| 02/21/2002 | | NOTICE of Order Not to Obtain Passport by USA as to Lorenzo Calvin Stacey [ 6:02-m -1 ] (bjl) (Entered: 02/21/2002) |
| 03/06/2002 | 13 | INDICTMENT as to Lorenzo Calvin Stacey (1) count(s) 1-7, Kevin Saffold (2) count(s) 1-7 (tlf) (Entered: 03/19/2002) |
| 03/06/2002 | | **Added Government Attorney James N. Crane (tlf) (Entered: 03/19/2002) |
| 03/28/2002 | | Arraignment as to Lorenzo Calvin Stacey held - Dft waived formal reading indictment and entered plea of NOT GUILTY in writing. Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 14 | PLEA entered by Lorenzo Calvin Stacey . Court accepts plea. Not Guilty: Lorenzo Calvin Stacey (1) count(s) 1-7 Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 15 | NOTICE of Sentencing Guidelines as to Lorenzo Calvin Stacey (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 16 | STANDARD PRETRIAL ORDER as to Lorenzo Calvin |

| | | |
|---|---|---|
| | | Stacey ( Signed by Mag. Judge Richard L. Hodge ) (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 17 | Minute sheet as to the arraignment of Lorenzo Calvin Stacey held before Judge Hodge in Albany: Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | | Arraignment as to Kevin Saffold held - Dft waived formal reading indictment and entered plea of NOT GUILTY in writing. Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 18 | PLEA entered by Kevin Saffold . Court accepts plea. Not Guilty: Kevin Saffold (2) count(s) 1-7 Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 19 | NOTICE of Sentencing Guidelines as to Kevin Saffold (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 20 | STANDARD PRETRIAL ORDER as to Kevin Saffold ( Signed by Mag. Judge Richard L. Hodge ) (tlf) (Entered: 04/01/2002) |
| 03/28/2002 | 21 | Minute sheet as to arraignment of Kevin Saffold held before Judge Hodge in Albany : Court Reporter: Tape Recorded (tlf) (Entered: 04/01/2002) |
| 04/24/2002 | 22 | TRANSCRIPT to Kevin Saffold in re: [12-1] Magistrate appeal for date(s) of January 23, 2002 (tlf) (Entered: 04/25/2002) |
| 05/01/2002 | | Change of Plea Hearing as to Kevin Saffold held Court Reporter: Tommy Savage (tlf) Modified on 05/07/2002 (Entered: 05/06/2002) |
| 05/01/2002 | 23 | Plea Agreement as to Kevin Saffold (tlf) (Entered: 05/06/2002) |
| 05/01/2002 | 24 | PLEA entered by Kevin Saffold . Court accepts plea. Guilty: Kevin Saffold (2) count(s) 1 (Terminated motions: terminating [11-1] motion to have court appointed counsel withdrawn as attorney of record and defendant's request to proceed pro se as to Kevin Saffold (2) ) Court Reporter: Tommy Savage (tlf) (Entered: 05/06/2002) |
| 05/01/2002 | 25 | Minute sheet as to change of plea hearing of Kevin Saffold held before Judge Land in Thomasville : Court Reporter: Tommy Savage (tlf) Modified on 05/07/2002 (Entered: 05/06/2002) |

| 05/01/2002 | | Change of Plea Hearing as to Lorenzo Calvin Stacey held (tlf) (Entered: 05/06/2002) |
| 05/01/2002 | 26 | Plea Agreement as to Lorenzo Calvin Stacey (tlf) (Entered: 05/06/2002) |
| 05/01/2002 | 27 | PLEA entered by Lorenzo Calvin Stacey . Court accepts plea. Guilty: Lorenzo Calvin Stacey (1) count(s) 1 (Terminated motions: ) Court Reporter: Tommy Savage (tlf) (Entered: 05/06/2002) |
| 05/01/2002 | 28 | Minute sheet as to change of plea hearong of Lorenzo Calvin Stacey held before Judge Land in Thomasville : Court Reporter: Tommy Savage (tlf) (Entered: 05/06/2002) |
| 06/10/2002 | 29 | MOTION by USA as to Lorenzo Calvin Stacey to Revoke bond (tlf) (Entered: 06/11/2002) |
| 06/11/2002 | | Motion submission as to Lorenzo Calvin Stacey : submitted [29-1] motion to Revoke bond as to Lorenzo Calvin Stacey (1) (tlf) (Entered: 06/11/2002) |
| 07/03/2002 | | Sentencing held Lorenzo Calvin Stacey (1) count(s) 1 Court Reporter: Tommy Savage (tlf) (Entered: 07/19/2002) |
| 07/03/2002 | | Sentencing held Kevin Saffold (2) count(s) 1 Court Reporter: Tommy Savage (tlf) (Entered: 07/19/2002) |
| 07/03/2002 | | DISMISSAL of Count(s) on Government Motion as to Lorenzo Calvin Stacey, Kevin Saffold Counts Dismissed: Lorenzo Calvin Stacey (1) count(s) 2-7, Kevin Saffold (2) count(s) 2-7 (tlf) (Entered: 07/19/2002) |
| 07/03/2002 | 30 | Minute sheet as to sentencing of Calvin Stacey held before Judge Land in Thomasville : Court Reporter: Tommy Savage (tlf) (Entered: 07/19/2002) |
| 07/03/2002 | 31 | Minute sheet as to sentencing of Kevin Saffold held before Judge Land in Thomasville : Court Reporter: Tommy Savage (tlf) (Entered: 07/19/2002) |
| 07/03/2002 | | ORAL ORDER as to Lorenzo Calvin Stacey granting [29-1] motion to Revoke bond as to Lorenzo Calvin Stacey (1) ( Entered by Judge Clay D. Land ) Court Reporter: Tommy Savage (tlf) (Entered: 07/19/2002) |
| 07/19/2002 | 32 | ORDER as to Lorenzo Calvin Stacey for return of appearance bond ( Signed by Judge Clay D. Land ) (tlf) (Entered: |

| | | 07/19/2002 |
|---|---|---|
| 07/23/2002 | 33 | JUDGMENT as to Lorenzo Calvin Stacey (1) count(s) 1. 30 months imprisonment, 3 years supervised release, $100.00 mandatory court assessment, and restitution of $1,720.00. , Lorenzo Calvin Stacey (1) count(s) 2-7. Dismissed on government motion. Terminated Motions: ( Signed by Judge Clay D. Land ) (tlf) (Entered: 07/24/2002) |
| 07/23/2002 | 34 | JUDGMENT as to Kevin Saffold (2) count(s) 1. 41 months imprisonment, 3 years supervised, $100.00 mandatory, and restitution of $7,020.00. , Kevin Saffold (2) count(s) 2-7. Dismissed on government motion. Terminated Motions: ( Signed by Judge Clay D. Land ) (tlf) Additional attachment (s) added on 6/21/2007 (cal, ). (Entered: 07/24/2002) |
| 02/25/2005 | ✪35 | Probation Jurisdiction Transferred to MD/Alabama as to Lorenzo Calvin Stacey Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 transmittal letter to MD/Alabama, Montgomery, AL)(cal, ) (Entered: 02/25/2005) |
| 03/07/2005 | ✪36 | Letter regarding transfer of jurisdiction - Lorenzo C. Stacey - case number assigned 1:05-cr-00061-T, MD/Alabama, Montgomery, AL (cal, ) (Entered: 03/09/2005) |
| 09/13/2006 | ✪37 | AMENDED JUDGMENT as to Kevin Saffold (2), Count(s) 1, 41 months imprisonment, 3 years supervised release, $100.00 mandatory assessment fee, and restitution of $7,020.00.; Count (s) 2-7, Dismissed on government motion. . (AMENDED to add the name and amount of co-defendant's joint and several restitution). All other aspects of original judgment remain the same. Signed by Judge Clay D. Land on 9/13/06. (cal, ) (Entered: 09/13/2006) |
| 09/25/2006 | ✪38 | NOTICE as to Kevin Saffold of Fine/Restitution/Special Assessment Repayment Schedule - Beginning on the 5th day of September, 2006, defendant will pay the amount of $50 per month until the total amount of restitution is paid in full. Approved by Clay D. Land, U.S. District Judge. (cal, ) (Entered: 10/03/2006) |
| 06/01/2007 | ✪ | Judge update in case as to Lorenzo Calvin Stacey, Kevin Saffold. Judge W. Louis Sands added. Judge Clay D. Land no longer assigned to case. (bjl ) (Entered: 06/01/2007) |
| | | |

| 06/19/2007 | ●39 | Probation Jurisdiction Transferred to Middle District of Alabama as to Kevin Saffold Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (wks ) (Entered: 06/20/2007) |
| 06/21/2007 | ●40 | Letter regarding transmittal of transfer documents to Middle District of Alabama as to Defendant Kevin Saffold. (wks ) (Entered: 06/21/2007) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

UNITED STATES OF AMERICA     :
         :
     v.        :    CASE NO.  6:02-cr-6-3-CDL
         :
         :    Violations: 18 USC §§ 500 & 371
KEVIN SAFFOLD and     :
LORENZO C. STACEY    .:
         :

**The Grand Jury Charges:**

### COUNT ONE

1.    From on or about October 1, 2001, and continuing to on or about January 15, 2002, in the Thomasville Division of the Middle District of Georgia and elsewhere, the defendants herein,

### KEVIN SAFFOLD and
### LORENZO C. STACEY,

did knowingly and intentionally conspire, combine, confederate and agree together and with each other, and with other persons known and unknown to the grand jury,  to commit offenses against the United States of America, that is, to violate Title 18, United States Code, Section 500, by devising and executing a scheme and artifice to defraud the United States Postal Service of money orders by passing, uttering, publishing and attempting to pass, utter and publish any such altered money orders knowing any material alteration therein to have been falsely made as set forth in paragraphs two through thirteen of Count One of this Indictment.

I certify that this document is a true
copy of the original document or
electronic filing in this case.

Wanda B. Hurless    06/21/07

Deputy Clerk

13

## MANNER AND MEANS

2. It was part of the conspiracy and scheme and artifice to alter or duplicate original, valid United States postal money orders.

3. It was a part of the conspiracy and the scheme and artifice to defraud that the co-conspirators would and did obtain a printer to make counterfeit copies of an original and valid United States Postal Service money order.

4. It was further part of the conspiracy that the defendants would and did create a list of United States Post Offices at which they would attempt to cash the counterfeit postal money orders they had created.

5. It was a further part of the conspiracy and scheme and artifice to falsely and fraudulently obtain identification of other individuals issued by the State of Florida.

6. It was further part of the conspiracy that the defendants would and did endorse the money orders in the names of the individuals whose State of Florida identification cards they had fraudulently obtained.

7. It was further part of the conspiracy that the defendants would present the fraudulent identification at United States Post Offices in order to hide their true identity from Post Office authorities.

8. It was a further part of the conspiracy and scheme and artifice that the defendants would recruit others to pass or cash the money orders at United States Post Offices.

## OVERT ACTS

9. In furtherance of the conspiracy and to accomplish the objects thereof, one or more of the defendants committed one or more of the following overt acts:

10. In the Fall of 2001, the defendants obtained Florida State identification cards in the name of Javonte N. Lovelace and Jakaleb U. Lovelace.

11. In the Fall of 2001, the defendants obtained a printer for purposes of printing and counterfeiting postal money orders.

12. The defendants printed or otherwise counterfeited multiple copies of United States Postal money order bearing serial number 9012-640-5742.

13. The defendants passed or attempted to pass counterfeit money orders as set forth below, each of which is a separate overt act in furtherance of the conspiracy.

| Name | Date Passed | Serial No. | Amount | Post Office/ Location |
|---|---|---|---|---|
| Jakaleb U. Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Ft. Gaines, Ga |
| Javonte Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Blakely, Ga. |
| Javonte Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Donaldsonville, Ga. |
| Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Donaldsonville |
| Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Climax, Ga . |
| Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Bainbridge, Ga. |

All in violation of Title 18, United States Code, Section 371, i/c/w Title 18 United States Code, Section 500.

## COUNTS TWO THROUGH SEVEN

1. Beginning on about the dates and in the locations set forth below, the defendants,

### KEVIN SAFFOLD and
### LORENZO C. STACEY,

with the intent to defraud, did pass, utter and publish, and attempt to pass, utter and publish

altered and counterfeit United States postal money orders, knowing any material initials,

signature, stamp, impression or indorsement thereon to be false, forged and counterfeited, and

any material alteration therein to have been falsely made:

| Count | Name | Date Passed | Serial No. | Amount | Post Office/ Location |
|-------|------|-------------|------------|--------|------------------------|
| 2 | Jakaleb U. Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Ft. Gaines, Ga |
| 3 | Javonte Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Blakely, Ga. |
| 4 | Javonte Lovelace | 1/14/02 | 9012-640-5742. | $430.00 | Donaldsonville, Ga. |
| 5 | Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Donaldsonville, Ga |
| 6 | Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Climax, Ga . |
| 7 | Javonte Lovelace | 1/15/02 | 9012-640-5742. | $430.00 | Bainbridge, Ga. |

All in violation of Title 18, United States Code, Section 500.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

Presented by:

_____
JIM CRANE
ASSISTANT UNITED STATES ATTORNEY

No.

# UNITED STATES DISTRICT COURT

*Middle District of Georgia*

*THOMASVILLE DIVISION*

# THE UNITED STATES OF AMERICA

*vs.*

**KEVIN SAFFOLD**

**LORENZO C. STACEY**

## INDICTMENT

VIOLATIONS: 18 U.S.C. §§ 500 & 371

_A true bill._

_____

Foreperson

Filed in open court this  7th  day,

of  March  A.D. 2002

_____

Clerk

Bail, $

FORM DBD 34
JUN 85

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA, THOMASVILLE DIVISION

UNITED STATES OF AMERICA

v.

KEVIN SAFFOLD

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number 6:02-CR-00006-3-001 (CDL)

Hugh Morris
Defendant's Attorney

Filed at 1:30 P M
DATE, 7/23/02
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count(s) Number |
|---|---|---|---|
| 18 U.S.C. § 371 i/c/w 18 U.S.C. § 500 | Conspiracy to Defraud the United States by Passing Counterfeit Postal Money Orders | 1/15/2002 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) .

☒ Count(s) 2-7 are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:    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

Defendant's Date of Birth:    09/27/1967

Defendant's USM No.:    10232-002

Defendant's Residence Address:

704 Morehouse Drive
Dothan, AL 36302

Defendant's Mailing Address:

704 Morehouse Drive
Dothan, AL 36302

July 3, 2002
Date of Imposition of Sentence:

Signature of Judicial Officer
CLAY D. LAND, United States District Judge

7/23/2002
Date

ENTERED ON DOCKET
7/24, 2002
Gregory J. Leonard, Clerk
Deputy Clerk

I certify that this document is a true copy of the original document or electronic filing in this case.

Deputy Clerk    06/21/07    Date

(34)

NAME OF DEFENDANT: KEVIN SAFFOLD
CASE NUMBER 6:02-CR-00006-3-001 (CDL)

Judgment - Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 41 months.

☐    The Court recommends to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The Defendant shall surrender to the United States Marshal for this district:

    ☐    at    ☐    a.m.    ☐    p.m.    on

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

NAME OF DEFENDANT: KEVIN SAFFOLD
CASE NUMBER 6:02-CR-00006-3-001 (CDL)

Judgment - Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the following standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

NAME OF DEFENDANT: KEVIN SAFFOLD
CASE NUMBER 6:02-CR-00006-3-001 (CDL)

Judgment - Page 4

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and/or dependency.

2. The defendant shall provide the U.S. Probation Office with all requested financial data.

NAME OF DEFENDANT: KEVIN SAFFOLD

CASE NUMBER 6:02-CR-00006-3-001 (CDL)

Judgment - Page 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 7,020.00 |

☐    The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒    The defendant shall make restitution (including community restitution) to the following victims in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | *Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Postal Service Attn: Accounting Office 451 College Street Macon, GA 31213-9998 | 7,020.00 | 7,020.00 | 1 |

☐    If applicable, restitution amount ordered pursuant to plea agreement $ _____

☒    The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments sheet may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐    the interest requirement is waived for the    ☐    fine and/or    ☐    restitution.

☐    the interest requirement is waived for the    ☐    fine and/or    ☐    restitution is modified as follows:

*Findings for the total amount of losses are required under Chapter 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

NAME OF DEFENDANT: KEVIN SAFFOLD
CASE NUMBER 6:02-CR-00006-3-001 (CDL)

Judgment - Page 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $ ___ due immediately, balance due

    ☐ not later than ___ , or

    ☐ in accordance with    ☐ C ☐ D, or    ☐ E below; or

**B**  ☒  Payment to begin immediately (may be combined with   ☐ C ☐ D, ☒ E, below); or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☒  Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalties shall be paid as directed by the Bureau of Prisons while incarcerated and by the U.S. Probation Office upon release. Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

Lorenzo C. Stacey, 6:02-CR-00006-3-001 (CDL)

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C  (Rev. 9/00) Sheet 1—Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

_____Middle_____  District of  _____Georgia_____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**v.**

(For Offenses Committed On or After November 1, 1987)

KEVIN SAFFOLD

Case Number:    6:02-CR-00006-002-CDL

**Date of Original Judgment:**  July 23, 2002
(Or Date of Last Amended Judgment)

Hugh Morris
Defendant's Attorney

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.
- X  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255 or  ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- X  pleaded guilty to count(s)    1
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 icw 18:500 | Conspiracy to Defraud the United States by Passing Counterfeit Postal Money Orders | 01/15/2002 | 1 |

The defendant is sentenced as provided in pages 2 _____ through 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:  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

Defendant's DOB:    09/27/1967

Defendant's USM    10232-002

Defendant's Residence Address:
704 Morehouse Drive

Dothan, AL 36302

Defendant's Mailing Address:
same as above

July 3, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

Clay D. Land, Judge
Name and Title of Judicial Officer

September 11, 2006
Date

Filed at _____8:00 A_____ M
DATE _____9/13/06_____

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

I certify that this document is a true copy of the original document or electronic filing in this case.

Wanda S. Sanders  06/01/07
Deputy Clerk    Date

AO 245C     (Rev. 9/00) Amended Judgment in a Criminal Case
            Sheet 2 — Imprisonment                                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __6__

DEFENDANT:          KEVIN SAFFOLD
CASE NUMBER:        6:02-CR-00006-001-CDL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of ___41 months_____ .

☐     The court makes the following recommendations to the Bureau of Prisons:

X     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

    ☐     at _____ ☐ a.m. ☐ p.m.     on _____ .

    ☐     as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐     before 2 p.m. on _____ .

    ☐     as notified by the United States Marshal.

    ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 6:02-cr-00006-WLS    Document 37    Filed 09/13/2006    Page 3 of 6

AO 245C    (Rev. 9/00) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page _3_ of _6_

DEFENDANT:    KEVIN SAFFOLD
CASE NUMBER:    6:02-CR-00006-002-CDL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    _3 years_    .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

| AO 245C | (Rev. 9/00) Amended Judgment in a Criminal Case | |
|---------|--------------------------------------------------|--|
| | Sheet 3 — Continued 2 — Supervised Release | (NOTE: Identify Changes with Asterisks (*)) |

Judgment—Page ___4___ of ___6___

DEFENDANT:         KEVIN SAFFOLD
CASE NUMBER:       6:02-CR-00006-002-CDL

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in a program approved by the U.S. Probation Office for substance abuse testing and, if necessary, treatment of alcohol/drug addiction or dependency.

The defendant shall provide the U.S. Probation Office with all requested financial data.

| AO 245C | (Rev. 9/00) Amended Judgment in a Criminal Case<br>Sheet 5, Part A — Criminal Monetary Penalties | (NOTE: Identify Changes with Asterisks (*)) |
|---|---|---|

Judgment — Page ___5___ of ___6___

DEFENDANT:          KEVIN SAFFOLD
CASE NUMBER:     6:02-CR-00006-002-CDL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 7,020.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*Total<br>Amount of Loss** | **Amount of<br>Restitution Ordered** | **Priority Order<br>or Percentage<br>of Payment** |
|---|---|---|---|
| U.S. Postal Service<br>Attn: Accounting Office<br>451 College Street<br>Macon, GA 31212 | $7,020.00 | $7,020.00 |  |
| **TOTALS** | $ 7,020.00 | $7,020.00 |  |

☐  If applicable, restitution amount ordered pursuant to plea    _____

X   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐  the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C     (Rev. 9/00) Amended Judgment in a Criminal Case
            Sheet 5, Part B — Scheduled Payments                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___6___ of ___6___

DEFENDANT:        KEVIN SAFFOLD
CASE NUMBER:      6:02-CR-00006-002-CDL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐  Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B** X  Payment to begin immediately (may be combined with ☐ C, ☐ D, or X E below); or

**C** ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** X  Special instructions regarding the payment of criminal monetary penalties:
All criminal monetary penalties shall be paid as directed by the Bureau of Prisons while incarcerated and by the U.S. Probation Office upon release. Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes A period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:
Lorenzo C. Stacey, 6:02-CR-00006-001-CDL $1,720.00

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.